1   James E. Klinkert
    State Bar No.  115937
2   Paul J. Gutierrez
    State Bar No.  177606
3   Kelly Neavel
    State Bar No.   244107
4   KLINKERT, GUTIERREZ & NEAVEL
    1407  N. Batavia Street, Suite 202
5   Orange, CA 92867
    (909) 390-9999
6   jklinkert@rkmatttorneys.com
    pgutierrez@rkmattorneys.com
7   kneavel@rkmattorneys.com

8   Attorney for Plaintiffs Joshua Blumenthal
     and Monica Blumenthal
9

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13

14   In re Edward Young and Lisette Young,        Case No.: 6:20-bk-16824-SY

15              Debtors.                           ADVERSARY NO: 6:21-ap-01010-SY
     _____
16                                                 Chapter 7
     JOSHUA BLUMENTHAL and MONICA
     BLUMENTHAL,                                   OPPOSITION TO MOTION IN LIMINE;
17                                                 SUPPORTING DECLARATION
              Plaintiffs,
18
              v.                                   Date:   November 10, 2022
19                                                 Time:  9:30 a.m.
     EDWARD YOUNG, an individual; LISETTE          Place:  Ctrm. 302
20   YOUNG, fka Lisette Lanuza, an individual      3420 Twelfth Street
                                                   Riverside, CA 92501
21              Defendants.
     _____
22

23        TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE:

24        Joshua Blumenthal and Monica Blumenthal ("plaintiffs"),

25   through their attorneys of record, Klinkert, Gutierrez & Neavel hereby submit the following

26   opposition to defendants' motion in limine.

27   **I. INTRODUCTION**

28        Defendants' motion should be denied.  In large part, the documents that defendants seek to

OPPOSITION TO MOTION IN LIMINE

1   exclude have been in defendant's possession long before the pre-trial exchange date relied upon by

2   defendants as the basis of their motion.   Multiple documents are either included within defendants

3   own exhibits, are correspondence to defendants sent long before litigation, are documents that

4   defendants themselves created or some combination of these three categories.  All of plaintiffs'

5   exhibits were served on defendant's on August 23, 2022 as part of James E. Klinkert's declaration

6   in response to the court's Order to Show Cause hearing.   As of the hearing of this motion the

7   exhibits will have been in the possession of defendants for over 10 weeks.  Counsel does not intend

8   to be dismissive the importance of the Court's deadlines and rules. Mr. Klinkert has previously

9   explained his reasons for missteps and realizes the disruption to the Court's and counsel's calendar

10   and work flow.  However, there is no substantive prejudice to defendants that has been caused at this

11   point and exclusion of plaintiffs' exhibits would not seem to be the appropriate sanction in this

12   instance.

13       Moreover, although the present motion is premised as a motion in limine, a large portion of

14   the factual argument is based on an inaccurate depiction of the procedural progression of this case

15   and the activity of plaintiffs' counsel.  Defendants' counsel complains about the  that no documents

16   were produced by plaintiffs in conjunction with the Rule 26 meet and confer conference prior to the

17   initial status conference, but omits to mention that defendants produced no documents at the time

18   of the conference.   Although they now appear to be claiming surprise, defendants have gone on

19   record that all their necessary discovery was complete and they are in possession of all evidence

20   needed to defend the case. (Pre-trial Stipulation p. 4, ¶G; Ben Heston e-mail of July 28, 2021,

21   reneging on offer of a joint stipulation to extend discovery, Exhibit 3 to declaration of James E.

22   Klinkert, p 15.)

23       The truth of the matter is that plaintiffs counsel has not been dilatory defendants suggest.

24   The Joint Pre-Trial Stipulation  indicates no issue with plaintiffs handling of the case, indicates that

25   all necessary discovery had been done as of the date of filing.   The detailed contributions of

26   plaintiffs' counsel formed a large part of the final product.    As discussed more fully below,

27   Plaintiff's counsel communicated regularly with defense counsel and worked for some time trying

28   to get a mediation scheduled with Judge Meredith Jury. Ultimately the respective trial schedules of

OPPOSITION TO MOTION IN LIMINE        2

1  counsel prevented this from happening.

2  **II    DEFENDANTS HAVE NOT BEEN SUBSTANTIVELY PREJUDICED**

3  **A.    PLAINTIFFS' EXHIBITS ARE IN THE LARGE PART NOT DOCUMENTS**
4  **PREVIOUSLY UNKNOWN TO DEFENDANTS AND HAVE NOW ALL**
5  **BEEN SERVED.**

6  Each of the documents that plaintiffs intended to use at trial in its case in chief have been
7  filed with the court and served on defendants as part of James E. Klinkert's response to the prior
8  order to show cause hearing.    Several of plaintiffs' exhibits are also included in the exhibits
9  submitted by defendants in this case (Doc. 23, Defendant's Trial Exhibits, Filed 08/16/22) and
10  cannot be the subject of any surprise.  Several others are documents authored by defendants or sent
11  to them long ago prior to litigation and also cannot be a surprise.   The following is a summary of
12  plaintiff's exhibits, falling into these categories:

13  01.    Civil Complaint  - served on defendants in the State court action and offered by
14  defendants as their Exhibit A.

15  02.    Certified license histories  - need for exhibit is obviated due to stipulation in pretrial
16  report   that neither of the defendants were licensed contractors during the
17  performance of the relevant work.

18  03.    Adversary Complaint - the documents is the operative pleading in this case, which
19  was served on defendants. and offered by defendants as their Exhibit B.

20  04.    6/9/19 contract e-mail - this is a forwarded version of the 6/8/19 e-mail offered by
21  defendants as part of their exhibit E.

22  05.    6/8/19 Design contract - offered by defendants as their Exhibit K.

23  06.    6/9/19 Credit card authorization - document created by defendants and referenced in
24  their Exhibit F (see Doc. 23, Defendants Trial Exhibits, p. 056).

25  11.    9/23/19 Edward Young e-mail - offered by defendants in their Exhibit K (see Doc.
26  23, Defendants Trial Exhibits, p. 121-122).

27  12.    11/06/19 letter to young demand for documentation - correspondence sent to
28  defendant Edward Young on same date.

OPPOSITION TO MOTION IN LIMINE        3

13.    11/06/19 Young e-mail notice of completion - e-mailed to defendant Edward Young on same date.

14.    11/08/19 Young demand for documentation e-mail - e-mailed to defendant Edward Young on same date.

As demonstrated by the above summary, most of plaintiffs' exhibits have been in the possession of defendants for some time, some dating back to the project giving rise to this case. The documents listed above, apart from case pleadings, were summarily identified in the pretrial report and cannot in good faith be considered as new or as a surprise.

Furthermore, defendants recent claims of surprise and prejudice are in striking contrast to defendants' position during the case. In the pre-trial stipulation submitted by the parties' counsel on July 29, 2021, defendants state that all discovery has been completed and they are prepared for trial. No issue was raised about not having been provided with documents and there is no indication that further investigation is needed. In fact, in a July 28, 2021, communication about discovery, defendants' counsel refused to stipulate to reopening of discovery stating that he had all the evidence needed to defend his case (Klinkert Declaration, Exhibit 3, p. 15) This followed a prior e-mail in which he actually proposed a stipulation reopening discovery, to which plaintiff's agreed, but defense counsel changed course and stated all his necessary discovery was complete and he was ready to defend the case.  (Klinkert Declaration, Exhibit 2, p. 13.)

**B.    DEFENDANTS' CASES CITED IN SUPPORT OF EXCLUSION ARE DISTINGUISHABLE ON THE FACTS**

Defendants cite to *Yeti by Molly Ltd. v. Deckers Outdoor Corp.* and *Merrick v. Paul* as support for the position that Plaintiff's trial exhibits should be excluded. Neither case is factually apposite. In *Yeti by Molly Ltd.,* the court excluded an expert report produced late. Quite obviously an expert report contains work product and opinions that could not have been known to the other side prior to the creation and service of the report. This sort of document is a far cry from the documents at issue in the present motion. Project correspondence, pleadings and contract documents drafted by defendants in this case have been part of the factual milieu of this mater for months, if not years. In *Merrick v. Paul*, the court dealt with a situation very far removed from the present case.

1  *Merrick* concerned post litigation documents created by an insurer which it had previously been

2  order to produce.  Again these sorts of newly generated documents that were never in the possession

3  of one of the parties are very different from the documents at issue here.  Each of the documents that

4  plaintiff intended to use at trial in its case in chief, have now been filed with the court and subject

5  to review for over two months.  Most of the documents have been in the possession of and known

6  to defendants for months prior ro recent events.   Many of plaintiff's exhibits are also included

7  within defendants' exhibits.

8  **III.    CONTRARY TO WHAT DEFENDANTS CLAIM, PLAINTIFF HAS NOT LET THIS**

9  **CASE LANGUISH OR FAILED TO MOVE IT TO TRIAL**

10        Plaintiffs timely filed their adversary complaint on January 18, 2021.  Plaintiff's counsel

11  James E. Klinkert  took the lead in drafting the initial joint status report and scheduling the required

12  conference pursuant to LBR 7026-1.  The conference was conducted on March 26, 2021.  Following

13  the conference the final joint status report was filed on March 29, 2021.   (Klinkert Declaration,

14  Exhibit 1, p.11.)

15        On June 1, 2021,defense counsel sent the following e-mail communication to Mr. Klinkert:

16  "Jim, I am working on getting discovery requests sent out by the end of this week. Since we both

17  need to get this taken care of, I was hoping if you would be willing to stipulate to extend the 6/30

18  discovery cutoff to a later date?" (Klinkert Declaration, Exhibit 2.)  Mr. Klinkert's response, sent

19  the next day, was "Yes, I am agreeable to that.  Let's work out the details."  Defense counsel never

20  did prepare and serve any discovery nor was a draft of the suggested stipulation ever received from

21  Mr. Heston.  Instead, Mr. Heston's next communication on the subject came on July 28, 2021, after

22  the discovery deadline lapsed.  In a complete reversal of his earlier overture, Mr. Heston wrote "I

23  spoke with my client and he was adamant that we do not stipulate to a new discovery cutoff since

24  he feels that we have enough evidence in our possession to present our defense."  (Klinkert

25  Declaration, Exhibit 3.)   Mr. Klinkert's reply of the same day was: "Hi Ben: Then we need to move

26  forward with the joint pre-trial stipulation.  Attached is a draft we've prepared for your review and

27  additions. . . ." (Klinkert Declaration, Exhibit 4, p. 17.)  The joint trial report was finalized and filed

28  on July 29, 2021.

OPPOSITION TO MOTION IN LIMINE          5

1    While defense counsel rather sanctimoniously points to plaintiff's lack of formal discovery

2    as evidence of neglect, he did not conduct any formal discovery either and effectively engineered the

3    lapse of the discovery deadline by sandbagging plaintiffs with a proposed stipulation which never

4    materialized.  Plaintiff decided to press on without seeking to re-open discovery which is not

5    extraordinary given the limited issues in this case.  For instance, the joint trial stipulation establishes

6    as an uncontested fact that defendants were individual doing business as Young & Associates

7    Construction and Young & Associates Construction Services in the County of San Bernardino, State

8    of California in 2019and 2020, that defendants entered into an oral contract with plaintiffs for the

9    for the design, construction and renovation of the plaintiff's property; and that defendants did not

10    have a contractor's license at any time during the work at the property.  (Joint Pre-trial Stipulation

11    ¶ A, 1-4.)

12    The main question of legal significance is whether plaintiffs were induced into hiring and

13    paying money to defendants by fraudulent representations that they were licensed contractors. There

14    is ample evidence of the false representations in the contract documents, project correspondence

15    already available to plaintiffs as well as plaintiff's testimony of communications with defendants.

16    Additional  discovery  on  this  point  would  largely  be  superfluous  and  unnecessarily  costly.

17    Defendants admit they entered into a construction contract and that they weren't licensed during the

18    work, so there is no further inquiry on those points needed.

19    After the Pre-trial conference, plaintiffs' counsel James Klinkert communicated with defense

20    counsel Ben Heston about setting up a mediation with Judge Meredith Jury.  Scheduling was

21    complicated by Mr. Klinkert's heavy trial schedule and ultimately the parties submitted a stipulation

22    to continue the trial date. (Klinkert Declaration Exhibit 5, pp. 19-36.)  The ultimate scheduling of

23    the mediation proved to be problematic due to Judge Jury's available dates and the fact that Mr.

24    Klinkert was engaged in multiple civil trials.  Contrary to defendants' characterization of this case,

25    plaintiffs have not been dilatory.  The unusually heavy trial schedule of Mr. Klinkert this calendar

26    year, on top of the prior time lost to health issues previously described,  played a large part in the

27    matter not being mediated as contemplated.

28    ///

OPPOSITION TO MOTION IN LIMINE        6

1    **IV.    CONCLUSION**

2        Plaintiffs' respectfully request that defendants' motion in limine be denied.  Plaintiffs

3    counsel has not flippantly disregarded the  Court deadlines as defense counsel suggests.  Counsel

4    understands that not meeting Court deadlines is an imposition on Court and opposing counsel that

5    the Court properly addresses.    However, the sanction in this instance should not exclusion of

6    evidence since there is no substantive prejudice to defendants or irreparable harm which results.

7

8    Dated: October 26 , 2022                        KLINKERT, GUTIERREZ & NEAVEL

9                                                            /s/ Paul J. Gutierrez

                                              By:_____
10                                                      Paul J. Gutierrez
                                                      James E. Klinkert
11                                                      Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      ### DECLARATION OF JAMES E. KLINKERT

2      I, James E. Klinkert , declare:

3          1.  I am an attorney licensed to practice in this Court and all courts of the State of California

4      I am one of the attorneys of record for Plaintiffs in this matter.  The facts set forth herein are based

5      on my personal knowledge, such that I would be competent to testify to the matters declared herein.

6          2.      Attached as Exhibit 1 is a copy of my March 24, 2021 e-mail correspondence with

7      attorney Ben Heston transmitting the draft initial status report I prepared.  I conducted the related

8      conference of counsel with Mr. Heston on March 26, 2021.  After that a joint initial status report was

9      submitted to the Court on March 29, 2021.

10         3.      Attached as Exhibit 2 is a copy of June 1, 2021 e-mail correspondence to me from

11     Ben Heston with my reply dated June 2, 2021.  In the e-mail Mr. Heston writes that he is in the

12     process of drafting discovery and inquires as to whether I would agree to a stipulated extension of

13     the discovery deadline, to which I agreed.

14         4.  Attached as Exhibit 3 is a copy of a July 28, 2021 from Ben Heston to me in which he

15     indicates he  withdraws the proposal of a stipulation to extend the discovery deadline and that his

16     client believes he has necessary information already to defend his case.

17         5.   Attached as Exhibit 4 is a copy of my July 28, 2021 e-mail to Ben Heston with an

18     attached draft Pre Trial Stipulation prepared by my office. The Joint Pre-trial Stipulation was

19     completed and submitted to the Court on July 29, 2021.

20         6.   Attached as Exhibit 5 is a copy of e-mail correspondence between Ben Heston and me

21     on several dates in December, 2021 relating to trying to schedule a mediation with Judge Meredith

22     Jury and preparation of a stipulation to continue the trial date in this matter.     Scheduling of the

23     mediation was complicated by my heavy trial schedule.  A stipulation to continue the rial date was

24     ultimately prepared and submitted on January 26, 2022.

25         7.  I again apologize to the Court and opposing counsel for my failure to strictly adhere to

26     Court rules and requirements.  As mentioned in a previous filing, this past year has been very

27     difficult for me from a health standpoint.  I underwent two surgeries and hospital stays in July of last

28     year.  I also had heart surgery in November of last year.  Those surgeries addressed potentially life

OPPOSITION TO MOTION IN LIMINE          8

1  threatening conditions.  I realize that is not an excuse for my lapse rules, but I hope it is a

2  circumstance the Court will consider in determining the level of sanction that is appropriate to this

3  situation.  I strongly believe my clients have a meritorious case based on the allegations in the

4  adversary complaint that deserves to be heard.  I respectfully request that any sanctions imposed by

5  the Court be opposed those sanctions be imposed on me individually and that my clients not be

6  adversely affected by my lapse.

7          I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct. Executed on October 26, 2022, at Orange, California.

9

10                                                            James E. Klinkert

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION IN LIMINE          9

**Exhibit 1**

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Wednesday, March 24, 2021 3:02 PM |
| **To:** | ben@hestonlaw.com |
| **Cc:** | Glen Biondi; Kelly Neavel |
| **Subject:** | Edward and Lisette Young - Blumenthal v. Young |
| **Attachments:** | F7016-1.STATUSREPORT.pdf |

Hi Ben:

As you know, we need to file a joint status report no later than Thursday, April 1. I have taken the liberty of preparing the attached rough draft status report for your review and input. Please provide me with your comments. Also, please let me know when you will be available to meet and confer on the matters addressed in local bankruptcy rule 7026-1. My schedule is open most of the day this Friday as well as Monday, March 29. Let me know what works best for you. Thanks Ben.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice. As such, we will not be communicating by U.S. mail, fax or other physical delivery system. Our office will accept service of all communications via electronic transmission. Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS. we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used. and cannot be used. for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential. privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

1

**Exhibit 2**

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Wednesday, June 02, 2021 1:19 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young |

Hi Ben:

Yes, I am agreeable to that.  Let's work out the details.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**PLEASE NOTE OUR NEW ADDRESS**
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Tuesday, June 01, 2021 6:04 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Blumenthal v. Young

Jim,

I am working on getting discovery requests sent out by the end of this week. Since we both need to get this taken care of, I was hoping if you would be willing to stipulate to extend the 6/30 discovery cutoff to a later date?

Thanks,
Ben

1

**Exhibit 3**

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Wednesday, July 28, 2021 11:23 AM |
| **To:** | Paul Gutierrez |
| **Subject:** | Fwd: Blumenthal v. Young - Pretrial Stip |

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Wednesday, July 28, 2021 11:08:03 AM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Blumenthal v. Young - Pretrial Stip

I spoke with my client and he was adamant that we do not stipulate to a new discovery cutoff since he feels that we have enough evidence in our possession to present our defense. I really wish I had a better answer for you on this. I also checked in with my friend who encountered a similar situation with Judge Yun and it looks like that case is going to be settled/dismissed without the need for additional discovery, so nothing helpful there either.

If you want to move forward on a *joint* pretrial stipulation, then feel free to send over where you're at so far. If you intend to file a motion to reopen discovery, please let me know.
--

Benjamin Heston, Esq.
Certified Consumer Bankruptcy Specialist
HESTON & HESTON
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978

1

**Exhibit 4**

| | |
|---|---|
| **From:** | Jim Klinkert |
| **To:** | Ben Heston |
| **Cc:** | Paul Gutierrez |
| **Subject:** | RE: Blumenthal v. Young - Pretrial Stip |
| **Date:** | Wednesday, July 28, 2021 2:28:11 PM |
| **Attachments:** | Trial Stipulation.pdf |

Hi Ben:

Then we need to move forward with the joint pre-trial stipulation.  Attached is a draft we've prepared for your review and additions.  I'm copying my partner Paul Gutierrez on this email so that he can follow up with you tomorrow morning when I will be unavailable for a period of time.  I look forward to your comments.  Thanks.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closure and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Wednesday, July 28, 2021 11:08 AM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>

**Exhibit 5**

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Tuesday, December 07, 2021 9:02 AM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young |

Hi Ben:

Thanks for reaching out on this matter. I agree we should attempt to resolve the case through mediation. I've worked with Meredith Jury on a couple of matters in the past and am comfortable with her as a mediator. Do you know if she conducts her mediations virtually? Please give me your thoughts as far as scheduling goes. Thanks again.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA 92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice. As such, we will not be communicating by U.S. mail, fax or other physical delivery system. Our office will accept service of all communications via electronic transmission. Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter[s] addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 06, 2021 4:32 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Re: Blumenthal v. Young

I'm actually going to switch up my picks after talking to one of the other attorneys at my firm.

1. Judge Jury
2. Don Segretti
3. Chris Blank

1

Fernandez and Hanover will likely not take the case and Marshack would likely charge an arm and a leg. I believe that Judge Jury does most consumer cases pro bono, so she is a high #1 pick.


**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978


---
**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**

On 12/6/2021 1:29 PM, Ben Heston wrote:

Jim,

I hope you've been doing well. I just wanted to check in and see where you're at on this case. We have about 4 months before trial and I think that it would be good to give mediation a shot before we get too deep into trial prep. I've attached a list of mediators and their bios. I'm thinking that since non-dischargeability is a uniquely bankruptcy issue, we should have someone with experience in bankruptcy litigation. My top picks for this would be:

1. Hon. Meredith Jury
2. Richard Marshack
3. Lazaro Fernandez
4. George Hanover

Talk soon,
Ben

2

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Friday, December 17, 2021 10:29 AM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young |

Hi Ben:

I have conflicts on all of the January dates except the afternoon of 1/24. So probably sometime after February 15 would be better. I sent a communication to my clients asking for their availability and am waiting to hear back from them. I'm certainly willing to enter into a stipulation moving the trial date so as to accommodate our mediation efforts with Judge Jury. I'm in trial this afternoon in Orange County but should be available Monday afternoon and then most of the rest of next week if you'd like to discuss the mediation schedule. Thanks Ben.

Jim
James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.  As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Friday, December 17, 2021 9:00 AM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Re: Blumenthal v. Young

Judge Jury is likely available on January 24, 27, 28, and 31 or sometime after February 15. What would you prefer?

1

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978

On 12/14/2021 8:27 AM, Ben Heston wrote:

I'm waiting to hear back from Judge Jury on another one of my cases that she's handling. It
sounds like January is iffy but mid- to late-February is open. This would require that we
stipulate to continue the trial dates, but I'm sure Judge Yun would be alright with that. Let me
know what your schedule is like.

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978

On 12/7/2021 9:02 AM, Jim Klinkert wrote:

Hi Ben:

Thanks for reaching out on this matter. I agree we should attempt to resolve the case
through mediation. I've worked with Meredith Jury on a couple of matters in the past
and am comfortable with her as a mediator. Do you know if she conducts her
mediations virtually? Please give me your thoughts as far as scheduling goes. Thanks
again.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA 92867
909-390-9999 tel
909-390-9990 fax

**PLEASE NOTE OUR NEW ADDRESS**
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health
and safety policies and orders, our office is conducting its business remotely until
further notice. As such, we will not be communicating by U.S. mail, fax or other
physical delivery system. Our office will accept service of all communications via
electronic transmission. Further, given school closures and other disruptions caused by
the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that tax advice contained in this communication (including, unless otherwise provided, any attachments) was
not intended or written to be used. and cannot be used. for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any
matter(s) addressed herein.

2

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 06, 2021 4:32 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Re: Blumenthal v. Young

I'm actually going to switch up my picks after talking to one of the other attorneys at my firm.

1. Judge Jury
2. Don Segretti
3. Chris Blank

Fernandez and Hanover will likely not take the case and Marshack would likely charge an arm and a leg. I believe that Judge Jury does most consumer cases pro bono, so she is a high #1 pick.

Benjamin Heston, Esq.
Certified Consumer Bankruptcy Specialist
HESTON & HESTON
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827   SBN: 297798
Fax: 949-222-1043   DRE: 02085978

---
Benjamin Heston, Esq.
Certified Consumer Bankruptcy Specialist
HESTON & HESTON

On 12/6/2021 1:29 PM, Ben Heston wrote:

> Jim,
>
> I hope you've been doing well. I just wanted to check in and see where you're at on this case. We have about 4 months before trial and I think that it would be good to give mediation a shot before we get too deep into trial prep. I've attached a list of mediators and their bios. I'm thinking that since non-dischargeability is a uniquely bankruptcy issue, we should have someone with experience in bankruptcy litigation. My top picks for this would be:
>
>   1. Hon. Meredith Jury
>   2. Richard Marshack
>   3. Lazaro Fernandez

3

### 4. George Hanover

Talk soon,
Ben

**Jim Klinkert**

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Monday, December 27, 2021 1:33 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young Mediation |

Hi Ben:

Right now, I'm thinking the week of 1/17 or 1/24.  But I'm waiting to hear back from my clients to confirm their availability in that time frame.  What are your thoughts on scheduling?

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 12:01 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Blumenthal v. Young Mediation

What are your thoughts on a time-frame? I'm thinking that mid- to late-February would be good. I know that Jury is only available after the 17th, and any date after that would be fine with me.

-Ben

**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**

1

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Monday, December 27, 2021 2:06 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young Mediation |

I have no problem with the mediation being a little later, so long as we can adjust the trial date to accommodate the mediation.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA 92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.  As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 1:52 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** RE: Blumenthal v. Young Mediation

I would love to do it sooner than later, but I don't think I'll be able to do anything until after February 17th. I'll check with my clients and take another look at my calendar.

**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**
On Dec 27, 2021, at 1:32 PM, Jim Klinkert <jklinkert@rkmattorneys.com> wrote:

Hi Ben:

1

Right now, I'm thinking the week of 1/17 or 1/24.  But I'm waiting to hear back from my clients to confirm their availability in that time frame.  What are your thoughts on scheduling?

Jim

James E. Klinkert

**Klinkert, Gutierrez & Neavel**

1407 N. Batavia Street, Suite 202

Orange, CA  92867

909-390-9999 tel

909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***

**PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.**

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter(s) addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

2

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 12:01 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Blumenthal v. Young Mediation


What are your thoughts on a time-frame? I'm thinking that mid- to late-February would be good. I know that Jury is only available after the 17th, and any date after that would be fine with me.

-Ben

**Benjamin Heston, Esq.**

**Certified Consumer Bankruptcy Specialist**

**HESTON & HESTON**

3

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Monday, December 27, 2021 2:29 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Blumenthal v. Young Mediation |

How do the last two weeks in May or the last two weeks in June look for you?  That's about 60-90 days beyond our current trial date, which should give us enough time to gear up if the mediation is unsuccessful.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.  As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter(s) addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 2:19 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Re: Blumenthal v. Young Mediation

How about we see if we can stipulate to continue trial dates and deadlines. If Yun signs off on it, then we'll go ahead with a later date. If not, then I'll do whatever I need to do in order to accommodate mediation in January. What time-frame do you think we should propose for continuing the trial assuming we can do the mediation in late-February?

Benjamin Heston, Esq.
Certified Consumer Bankruptcy Specialist

1

**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827   SBN: 297798
Fax: 949-222-1043   DRE: 02085978

On 12/27/2021 2:06 PM, Jim Klinkert wrote:

> I have no problem with the mediation being a little later, so long as we can adjust the trial date to
> accommodate the mediation.
>
> Jim
>
> James E. Klinkert
> **Klinkert, Gutierrez & Neavel**
> 1407 N. Batavia Street, Suite 202
> Orange, CA  92867
> 909-390-9999 tel
> 909-390-9990 fax
>
> **\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
> PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies
> and orders, our office is conducting its business remotely until further notice.  As such, we will not be
> communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all
> communications via electronic transmission.  Further, given school closures and other disruptions
> caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.
>
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice
> contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used,
> and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting,
> marketing or recommending to another party any matter(s) addressed herein.
>
> This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information
> that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly
> prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and
> delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 1:52 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** RE: Blumenthal v. Young Mediation

I would love to do it sooner than later, but I don't think I'll be able to do anything until after February
17th. I'll check with my clients and take another look at my calendar.

**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**
On Dec 27, 2021, at 1:32 PM, Jim Klinkert <jklinkert@rkmattorneys.com> wrote:

> Hi Ben:

2

Right now, I'm thinking the week of 1/17 or 1/24.  But I'm waiting to hear back from my clients to confirm their availability in that time frame.  What are your thoughts on scheduling?

Jim

James E. Klinkert

**Klinkert, Gutierrez & Neavel**

1407 N. Batavia Street, Suite 202

Orange, CA  92867

909-390-9999 tel

909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***

PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 12:01 PM

3

**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Blumenthal v. Young Mediation


**What are your thoughts on a time-frame? I'm thinking that mid- to late-February would be good. I know that Jury is only available after the 17th, and any date after that would be fine with me.**

**-Ben**

**Benjamin Heston, Esq.**

**Certified Consumer Bankruptcy Specialist**

**HESTON & HESTON**

4

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Monday, December 27, 2021 3:40 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Re: Mediation for 523(a)(2) Case |

I've got three trials scheduled for the second half of February.  If we can get our trial moved out 2-3 months, that would give us more flexibility.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.  As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS. we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used. and cannot be used. for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting. marketing or recommending to another party any matter[s] addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential. privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Monday, December 27, 2021 3:36 PM
**To:** Meredith Jury <majury470@gmail.com>
**Cc:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Re: Mediation for 523(a)(2) Case

It's looking like the latter half of February would work for us. We have upcoming trial dates and deadlines that will need to get continued. So we will work on that and get back to you with our availability.

Thanks,
Ben

**Benjamin Heston, Esq.**
**Certified Bankruptcy Specialist**

1

**Heston & Heston, Attorneys at Law**

On Dec 27, 2021, at 10:04 AM, Meredith Jury <majury470@gmail.com> wrote:

Yes. I have time to do it. Let me know which month/s I should give you open dates. I have several in January and some in February or later.

On Mon, Dec 27, 2021 at 7:20 AM Ben Heston < ben@hestonlaw.com> wrote:

Judge Jury,

I hope that you had a nice and relaxing break. So I know that you've been extra busy lately, but I have another case that needs to go to mediation. To be as brief as possible, my clients do construction and interior design. At the time they provided services to the Plaintiffs, the husband was not licensed as a contractor. Plaintiffs are alleging that: 1) the work was sub-par or faulty in one way or another, and 2) that my clients misrepresented their license status and therefore that the resulting damages were incurred through fraud. Both of these points are disputed.

Opposing counsel is Jim Klinkert and I've CC'd him here. Let me know if this is something you would handle and if you'd like more info.

Thanks,
Ben

--

**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978

2

## Jim Klinkert

| | |
|---|---|
| **From:** | Jim Klinkert |
| **Sent:** | Wednesday, December 29, 2021 12:43 PM |
| **To:** | Ben Heston |
| **Subject:** | RE: Stip to Continue Trial |

Hi Ben:

Thank you for preparing the draft stipulation. We may need to adjust the proposed dates a bit. I am ok during the month of May and first few days of June, but I have a jury trial scheduled to start on June 6 and another jury trial scheduled to start on June 13. It is possible if not likely both of those June trials will be delayed, but I don't have any guarantees at this point. My schedule is ok in the first half of July, as well as all of August or September. If we were to proposed first half of July or August/September, would that fit your calendar? Alternatively, we could just look to the month of May but that may be too narrow a range of possible dates to work for the Court. Let me have your thoughts. By the way, I heard back from my clients and they should be able to work with any mediation dates that are good for us and Judge Jury. Thanks again.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice. As such, we will not be communicating by U.S. mail, fax or other physical delivery system. Our office will accept service of all communications via electronic transmission. Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ben Heston <ben@hestonlaw.com>
**Sent:** Tuesday, December 28, 2021 10:36 PM
**To:** Jim Klinkert <jklinkert@rkmattorneys.com>
**Subject:** Stip to Continue Trial

1

See attached. Let me know if you have any revisions,

--

**Benjamin Heston, Esq.**
**Certified Consumer Bankruptcy Specialist**
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
Tel: 951-290-2827    SBN: 297798
Fax: 949-222-1043    DRE: 02085978

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1407 N. Batavia Street, Suite 202, Orange, CA, 92867

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO MOTION IN LIMINE; SUPPORTING DECLARATION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/26/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Glen J Biondi glen@biondilawcorp.com, biondigr80135@notify.bestcase.com;
Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com;
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov;   Benjamin Heston bheston.ecf@gmail.com,
HestonBR41032@notify.bestcase.com, NexusBankruptcy@jubileebk.net

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _10/26/2022____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott H. Yun
U.S. Bankruptcy Court
3420 Twelfth Street, Suite 345
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/26/2022 | Paul J. Gutierrez | | /s/ Paul J. Gutierrez |
|---|---|---|---|
| Date | Printed Name | | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**