1 | *Nexus_Bankruptcy*
Benjamin Heston (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
T: 951-290-2827
F: 949-288-2054
*ben@nexusbk.com*

Attorney for Defendants,
Edward and Lisette Young

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>EDWARD YOUNG, and LISETTE YOUNG,<br><br>      Debtors.<br>_____<br><br>JOSHUA A. BLUMENTHAL, and MONICA BLUMENTHAL,<br><br>      Plaintiffs,<br><br>v.<br><br>EDWARD YOUNG, an individual; and LISETTE YOUNG, fka Lisette Lanuza, an individual,<br><br>      Defendants. | Case No.: 6:20-bk-16824-SY<br><br>Chapter 7<br><br>Adv No.: 6:21-ap-01010-SY<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE**<br><br>**Hearing**<br>Date: November 10, 2022<br>Time: 9:30 a.m.<br>Courtroom 302<br>3420 Twelfth Street<br>Riverside, CA 92501 |

Defendants, Edward and Lisette Young, hereby reply to the Plaintiffs' Opposition to Defendants' Motion in Limine as follows:

## DISCOVERY CUTOFF

The Opposition states that after Defendants' Counsel offered to stipulate to extend the discovery cutoff, in **"[his] next communication"**, he reversed and stated that he would not stipulate to such. *Opposition at p. 5, line 21.* This is absolutely not true. The Opposition neglects to mention that Defendants' Counsel *did* attempt to follow up with Plaintiffs' Counsel on two

1  separate occasions and received no response. Attached hereto as Exhibit A and reproduced below

2  is the **<u>entire</u>** exchange regarding the discovery cutoff date.

3

4 | Subject: | Blumenthal v. Young |
| --- | --- |
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 06/01/2021, 6:04 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

6  Jim,

7  I am working on getting discovery requests sent out by the end of this week. Since we both
   need to get this taken care of, I was hoping if you would be willing to stipulate to extend
8  the 6/30 discovery cutoff to a later date?

9  Thanks,
10 Ben

11

12 | Subject: | RE: Blumenthal v. Young |
| --- | --- |
| From: | Jim Klinkert <jklinkert@rkmattorneys.com> |
| Date: | 06/02/2021, 1:19 PM |
| To: | Ben Heston <ben@hestonlaw.com> |

14 Hi Ben:

15 Yes, I am agreeable to that.  Let's work out the details.

16 Jim

17

18 | Subject: | Re: Blumenthal v. Young |
| --- | --- |
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 06/13/2021, 1:24 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

20 Just circling back on this. Do you have any dates that you would propose? I'm thinking that
   once we have a good idea of when we will be sending out discovery requests, we can just
21 add 60-90 days for a 2nd round and for depositions. Once you have a good idea of when
   you'll be able to send out your requests, just let me know and we can figure out exact
22 dates from there.

23

24 | Subject: | Re: Blumenthal v. Young |
| --- | --- |
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 07/27/2021, 12:06 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

26 I just wanted to check in to see what the status is on this. We have a pre-trial stip due in a
   few days, but the case also seems to be inactive...

27

28

| Subject: | Blumenthal v. Young - Pretrial Stip |
|---|---|
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 07/28/2021, 11:08 AM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

I spoke with my client and he was adamant that we do not stipulate to a new discovery cutoff since he feels that we have enough evidence in our possession to present our defense. I really wish I had a better answer for you on this. I also checked in with my friend who encountered a similar situation with Judge Yun and it looks like that case is going to be settled/dismissed without the need for additional discovery, so nothing helpful there either.

If you want to move forward on a *joint* pretrial stipulation, then feel free to send over where you're at so far. If you intend to file a motion to reopen discovery, please let me know.

Aside from these omitted emails, it should further be noted that nearly two months passed without any communication from Plaintiffs' Counsel regarding a potential stipulation. It would be unreasonable to think that the offer made on June 1, 2021 was still "on the table".

The Opposition calls Defendants' Counsel "sanctimonious" because Defendants also did not propound discovery. However, the Plaintiffs carry the burden of proof. Defendants need not prove anything. If Plaintiffs did not have any evidentiary support when they filed this action, surely they should have sought to obtain it.

## RULE 26 / 7026 DISCLOSURES

The Opposition states that the Defendants' Counsel "complains" that the Plaintiffs did not produce any documents, and "omits to mention" that Defendants did not produce any documents. Again, this is not true. The Motion states that "no documents were **exchanged**" – which clearly implies reciprocity. *Motion at p. 2, line 7*. The Motion does not attempt to hide the fact that Defendants did not have any documents to exchange. However, Defendants did not file the complaint, ask to be sued, and they do not have to prove anything at trial. Plaintiffs' failure to provide documents at this point is tantamount to an admission that they either filed the complaint without evidentiary support in violation of Rule 9011 or did not disclose their evidence in violation of Rule 26.

3

Although Defendants did not produce any documents at the initial Rule 26 meet and confer, on September 21, 2021 via email, they produced more than three hundred pieces of evidence, including photographs, contracts, emails, text messages, and various other documents. Plaintiffs' Counsel did not provide anything and did not even respond to the email. This email is attached hereto as Exhibit B.

On August 16, 2022, Defendants filed their trial exhibits, all of which had previously been disclosed to Plaintiffs nearly a year earlier in the email sent on September 21, 2021.

After the Court issued the OSC and Defendants filed the Motion in Limine, Plaintiffs responded by filing their exhibits several weeks late. This was the first and only time that Plaintiffs provided a single piece of evidence to Defendants.

As stated by the Ninth Circuit in <u>R&R Sails, Inc. v. Ins. Co. of Pennsylvania</u>, 673 F.3d 1240 (9th Cir. 2012):

> Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to the defendant "without awaiting a discovery request." Pursuant to subsection 26(a)(1)(A)(ii), the plaintiff must provide "a copy—or a description by category and location—of all documents ... that the [plaintiff] has in its possession, custody, or control and may use to support its claims."

> Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Hoffman, 541 F.3d at 1179 (quoting <u>Yeti by Molly Ltd.</u>, 259 F.3d at 1106). It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed.R.Civ.P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was

substantially justified or is harmless. <u>Torres v. City of L.A.</u>, 548 F.3d 1197, 1213 (9th Cir.2008).

<u>R&R Sails, Inc.</u> at 1245-46.

The sanctions under Rule 37 referenced in <u>R&R Sails, Inc.</u> include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## **MEDIATION**

The Opposition states that Plaintiffs' Counsel "communicated regularly with defense counsel and worked for some time trying to get a mediation scheduled with Judge Meredith Jury" and that "[u]ltimately the respective trial schedules of counsel prevented this from happening." *Opposition at 2 – 3.*

Well, the attempts at mediation began when Defendants' Counsel reached out to Judge Meredith Jury on December 27, 2021. There was some back and forth between parties, and it became apparent that the trial date that was originally scheduled for March 17 and 18, 2022 would need to be continued to a later date to accommodate a mediation. Plaintiffs' Counsel provided his unavailable dates to Defendants' Counsel who compiled the calendar and drafted the stipulation that was filed on January 26, 2022 as Docket #17.

On January 31, 2021, the Court entered an order continuing the trial to September 6, 2022. The next day, Defendants' Counsel reached back out to Judge Jury who offered 16

available dates between mid-March to the end of April. On February 3, 2022, Defendants'
Counsel reached out to Plaintiffs' Counsel regarding these dates. Having not received any
response, Defendants' Counsel sent another email to Plaintiffs' Counsel on February 8, 2022.
After again having not received any response, Defendants' Counsel sent another email to
Plaintiffs' Counsel on April 18, 2022. After yet again having received no response, Defendants'
Counsel reached out to Plaintiffs' Counsel on June 2, 2022 to inquire on his availability and to
suggest possibly doing something less formal than mediation. Plaintiffs' Counsel responded the
same day saying that he was still interested in mediation with Judge Jury and that his schedule
had cleared up a bit.

On June 7, 2022, Defendants' Counsel reached out to Judge Jury yet again to obtain her
availability since the previous dates she offered had all passed by this point. Judge Jury offered
14 available dates between mid-June to mid-July 2022. Defendants' Counsel reached out to
Plaintiffs' Counsel to inquire as to his availability. Having received no response, Defendants'
Counsel sent one final email to Plaintiffs' Counsel on June 30, 2022. Plaintiffs' Counsel never
responded.

The entire exchange between Plaintiffs' and Defendants' counsels and Judge Jury
following the continuance of the trial date is attached hereto as Exhibit C.[1]

At this point, Judge Jury had on four separate occasions offered her availability for
dozens of potential mediation dates. The only reason this case has not been mediated is that
Plaintiffs' Counsel simply could not be bothered to just pick a date.

Since it was clear that mediation was not going to happen, Defendants moved on to
preparing for trial. At no point did Defendants' Counsel ever give any indication that they would
not be moving forward on the September 6 trial or that they would be willing to stipulate to a
continuance.

---

[1] Since some of these emails contain personal information about Judge Jury, those portions have been redacted for
her privacy.

**THE PRE-TRIAL ORDER**

Although the Opposition does not address the Pre-Trial Order, it is worth restating the facts.

On August 12, 2021, the Court held a pre-trial conference. At the conclusion of the hearing, the Court ordered Plaintiffs' Counsel to prepare and lodge the Pre-Trial Order. When Defendants' Counsel several weeks later realized that this had not been done, he sent an email to Plaintiffs' Counsel on September 28, 2021 inquiring as to the status of the order. After having not received any response, Defendants' Counsel called the Court's Chambers to seek clarification. Shortly thereafter, the Court's staff called Defendants' Counsel back and said that they reviewed the audio recording and confirmed that the Court did in fact order Plaintiffs' Counsel to prepare and lodge the order. Since Defendants' Counsel did not want to have to rely on Plaintiffs' Counsel to take care of this, he obtained permission to prepare and lodge the Pre-Trial Order himself.

On October 20, 2021, Defendants' Counsel sent an email to Plaintiffs' Counsel informing him of his failure to abide by the Court's orders and that this had caused the Court's staff to undergo the efforts of actually having to re-listen to the entire proceeding. The email also warned Plaintiffs' Counsel that Defendants were considering possible avenues for dismissal based on failure to prosecution. Yet again, no response.

Attached hereto as Exhibit D are the emails relevant to Plaintiffs' Counsel's failure to prepare and lodge the Pre-Trial Order.

**CONCLUSION**

Plaintiffs' failure to timely submit exhibits was not a "one off" mistake. It is simply yet another instance of their inexcusable disregard of their duties and obligations to the Court. Harsh evidentiary sanctions are appropriate.

Defendants further urge the Court to dismiss this case for failure to prosecute. There have been numerous instances where Defendants' Counsel has been put in an ethically difficult

position where he has taken charge of making sure that the case against his own clients was being handled properly. If this case is not dismissed promptly, Defendants will likely be stuck in bankruptcy for another year or more. There is no reason why this case should be allowed to proceed.

Respectfully submitted,

**NEXUS_BANKRUPTCY**

Date: November 3, 2022

BENJAMIN HESTON,
Attorney for Defendants

## DECLARATION OF BENJAMIN HESTON

I, Benjamin Heston, declare as follows:

1. I am the attorney for the Defendants in this adversary proceeding. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. Attached to this Reply as Exhibits A, B, C, and D are true and correct copies of emails that I obtained from my own records.

3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: November 3, 2022

_____
BENJAMIN HESTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| Subject: | Blumenthal v. Young |
|---|---|
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 06/01/2021, 6:04 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

Jim,

I am working on getting discovery requests sent out by the end of this week. Since we both need to get this taken care of, I was hoping if you would be willing to stipulate to extend the 6/30 discovery cutoff to a later date?

Thanks,
Ben
--

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| | |
|---|---|
| **Subject:** | RE: Blumenthal v. Young |
| **From:** | Jim Klinkert <jklinkert@rkmattorneys.com> |
| **Date:** | 06/02/2021, 1:19 PM |
| **To:** | Ben Heston <ben@hestonlaw.com> |

Hi Ben:

Yes, I am agreeable to that.  Let's work out the details.

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**\*\*PLEASE NOTE OUR NEW ADDRESS\*\***
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

| | |
|---|---|
| **Subject:** | Re: Blumenthal v. Young |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/13/2021, 1:24 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Just circling back on this. Do you have any dates that you would propose? I'm thinking that once we have a good idea of when we will be sending out discovery requests, we can just add 60-90 days for a 2nd round and for depositions. Once you have a good idea of when you'll be able to send out your requests, just let me know and we can figure out exact dates from there.

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| Subject: | Re: Blumenthal v. Young |
| --- | --- |
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 07/27/2021, 12:06 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

I just wanted to check in to see what the status is on this. We have a pre-trial stip due in a few days, but the case also seems to be inactive...

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| | |
|---|---|
| **Subject:** | Blumenthal v. Young - Pretrial Stip |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 07/28/2021, 11:08 AM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

I spoke with my client and he was adamant that we do not stipulate to a new discovery cutoff since he feels that we have enough evidence in our possession to present our defense. I really wish I had a better answer for you on this. I also checked in with my friend who encountered a similar situation with Judge Yun and it looks like that case is going to be settled/dismissed without the need for additional discovery, so nothing helpful there either.

If you want to move forward on a *joint* pretrial stipulation, then feel free to send over where you're at so far. If you intend to file a motion to reopen discovery, please let me know.

--

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

**EXHIBIT B**

| **Subject:** | Young Discovery |
| --- | --- |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 09/21/2021, 1:09 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Jim,

The link below should give you access our collection of pictures, diagrams, renderings, emails, text messages, and other miscellaneous items that we intend to use at trial. Let me know if you have trouble accessing it. If you contest the admissibility or authenticity of any exhibit, please list the file name and your basis for objecting.

[Blumenthal v. Young Exhibits](#)

Also, have you had a chance to discuss mediation/settlement with your clients?

Talk soon,
Ben
--

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

1 of 1

# EXHIBIT C

| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 02/01/2022, 9:58 AM |
| **To:** | Meredith Jury <█████████m> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Good morning,

We just received the order continuing out the trial to September 6th. What do you have
available for mediation sometime after mid-March?

Thanks,
Ben

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Meredith Jury <███████████> |
| **Date:** | 02/01/2022, 11:22 AM |
| **To:** | Ben Heston <ben@hestonlaw.com> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Starting March 21 and continuing through April, I am available any Monday, Wednesday, or Friday to mediate this matter except for April 15 and 29.

| | |
|---|---|
| **Subject:** | Mediation Dates |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 02/03/2022, 12:50 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

What are your thoughts on the dates that Judge Jury proposed?

--

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827     **SBN:** 297798
**Fax:** 949-222-1043     **DRE:** 02085978

| **Subject:** | Re: Mediation Dates |
|---|---|
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 02/08/2022, 9:08 AM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

I'm just following up on this. Should I just take a look at the dates you listed as unavailable on the calendar that we submitted to the court?

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| | |
|---|---|
| **Subject:** | Re: Mediation Dates |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 04/18/2022, 12:35 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Jim,

I'm following up on this again. Please let me know what you'd like to do.

| | |
|---|---|
| **Subject:** | Re: Mediation Dates |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/02/2022, 1:15 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Just following up again. Are you still at all interested in moving forward on this? Maybe we could discuss something more informal than mediation with Judge Jury?

| | |
|---|---|
| **Subject:** | RE: Mediation Dates |
| **From:** | Jim Klinkert <jklinkert@rkmattorneys.com> |
| **Date:** | 06/02/2022, 1:41 PM |
| **To:** | Ben Heston <ben@hestonlaw.com> |

Hi Ben:

Yes, I think a mediation makes sense and my schedule has cleared up a bit since we last spoke.  Should we check with Judge Jury to see what her schedule is like?

Jim

James E. Klinkert
**Klinkert, Gutierrez & Neavel**
1407 N. Batavia Street, Suite 202
Orange, CA  92867
909-390-9999 tel
909-390-9990 fax

**PLEASE NOTE OUR NEW ADDRESS**
PLEASE NOTE: Due to the COVID-19 pandemic and consistent with the current health and safety policies and orders, our office is conducting its business remotely until further notice.   As such, we will not be communicating by U.S. mail, fax or other physical delivery system.  Our office will accept service of all communications via electronic transmission.  Further, given school closures and other disruptions caused by the Covid 19 situation I may not be in a position to reply immediately to e-mail.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

| Subject: | Re: Mediation for 523(a)(2) Case |
|---|---|
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/07/2022, 7:23 AM |
| **To:** | Meredith Jury <██████████████> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Good morning,

I just wanted to circle back around on this since it's looking like the Plaintiffs' counsel and I will have some availability over the next several weeks. Do you have any upcoming dates that you'd be able to handle the mediation?

Thanks,
Ben

| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Meredith Jury <███████████> |
| **Date:** | 06/07/2022, 8:56 AM |
| **To:** | Ben Heston <ben@hestonlaw.com> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

yes.  Your timing is good, ████████████████████████████████████
so I have more dates.  In June 13-16, 20, 21, 24, 28, and 30. July 5, 6, 11-13. Also later dates.  Let me
know what works.

| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/07/2022, 9:36 AM |
| **To:** | Meredith Jury <██████████████> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

████████████████████████

I'll discuss these dates with Mr. Klinkert and get back to you with a few of our picks.

| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Meredith Jury <██████████████> |
| **Date:** | 06/07/2022, 9:46 AM |
| **To:** | Ben Heston <ben@hestonlaw.com> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |



| | |
|---|---|
| **Subject:** | Re: Mediation for 523(a)(2) Case |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/07/2022, 9:57 AM |
| **To:** | Meredith Jury <█████████████> |
| **Cc:** | Jim Klinkert <jklinkert@rkmattorneys.com> |



| Subject: | Blumenthal/Young Mediation Dates |
|---|---|
| From: | Ben Heston <ben@hestonlaw.com> |
| Date: | 06/16/2022, 3:49 PM |
| To: | Jim Klinkert <jklinkert@rkmattorneys.com> |

Sorry for not touching bases until now. What are your thoughts on Judge Jury's available dates? I'd prefer something at least about 2 weeks out. That would leave June 28 or 30, or July 5, 6, 11-13.

--

**Benjamin R. Heston, Esq.**
Certified Consumer Bankruptcy Law Specialist
Certified Real Estate Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827     **SBN:** 297798
**Fax:** 949-222-1043     **DRE:** 02085978

| | |
|---|---|
| **Subject:** | Re: Blumenthal/Young Mediation Dates |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 06/30/2022, 1:05 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Just following up on this.

# EXHIBIT D

| | |
|---|---|
| **Subject:** | Pre-Trial Order |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 09/28/2021, 8:14 AM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Jim,

I just noticed that the pre-trial order never showed up on the docket. Do you recall if the Court requested that one of us prepare the order?

-Ben

--

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

| | |
|---|---|
| **Subject:** | Re: Pre-Trial Order |
| **From:** | Ben Heston <ben@hestonlaw.com> |
| **Date:** | 10/20/2021, 3:44 PM |
| **To:** | Jim Klinkert <jklinkert@rkmattorneys.com> |

Jim,

I'm just following up on this to let you know that I checked with court staff who had to pull up the recording of the hearing and they confirmed that Judge Yun had asked you to prepare the order. Since I'd rather not leave things undone, especially if the Judge specifically requested it, I got the Court's permission to upload it myself and you should have received a copy of that by now.

It seems like this case is somewhat lingering into nothingness. I previously sent you an email regarding mediation, but haven't heard back. I also sent you an email with all of our exhibits so that you can review them for evidentiary purposes, but haven't heard back on that either. Unless we're going to be doing mediation or moving things along to an orderly and complete trial, I plan on moving for dismissal for lack of prosecution. Please let me know where you stand on this.

Thanks,
Ben

**Benjamin Heston, Esq.**
Certified Consumer Bankruptcy Specialist
**HESTON & HESTON**
3610 Central Avenue, Suite 400, Riverside, CA 92506
19700 Fairchild Road, Suite 280, Irvine, CA 92612
**Tel:** 951-290-2827    **SBN:** 297798
**Fax:** 949-222-1043    **DRE:** 02085978

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100
Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF DEFENDANTS' MOTION
IN LIMINE** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and
**(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>November 3, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Glen J Biondi    glen@biondilawcorp.com, biondigr80135@notify.bestcase.com
Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
Paul J Gutierrez    pgutierrez@rkmattorneys.com
Kelly A Neavel    kneavel@rkmattorneys.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>November 3, 2022</u> I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501

James E. Klinkert
Klinkert, Gutierrez & Neavel
1407 N. Batavia St, Ste 202
Orange, CA 91761

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/3/2022 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.