James E. Klinkert
State Bar No. 115937
Paul J. Gutierrez
State Bar No. 177606
Kelly Neavel
State Bar No. 244107
KLINKERT, GUTIERREZ & NEAVEL
1407 N. Batavia Street, Suite 202
Orange, CA 92867
(909) 390-9999
jklinkert@rkmatttorneys.com
pgutierrez@rkmattorneys.com
kneavel@rkmattorneys.com

Attorney for Plaintiffs
Joshua Blumenthal and Monica Blumenthal

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Edward Young and Lisette Young,<br><br>Debtors.<br>_____<br>JOSHUA BLUMENTHAL and MONICA BLUMENTHAL,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD YOUNG, an individual; LISETTE YOUNG, fka Lisette Lanuza, an individual<br><br>Defendants.<br>_____ | Case No.: 6:20-bk-16824-SY<br><br>ADVERSARY NO: 6:21-ap-01010-SY<br><br>Chapter 7<br><br>PLAINTIFFS' TRIAL BRIEF<br><br><br>Date:  March 15, 2023<br>Time:  9:30 a.m.<br>Place: Ctrm. 302<br>3420 Twelfth Street<br>Riverside, CA 92501 |

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE:

Joshua Blumenthal and Monica Blumenthal ("plaintiffs"), through their attorneys of record, Klinkert, Gutierrez & Neavel hereby submit the following trial brief.

**I.    INTRODUCTION**

Plaintiffs Joshua and Monica Blumenthal ("Blumenthal") seek an order that their claims against Defendants Edward Young and Lisette Young ("Young") are nondischargeable because those

PLAINTIFFS' TRIAL BRIEF

claims are grounded in the fraud of Defendants - specifically, their representations they were properly licensed and experienced general building contractors in the State of California. While the lack of licensure in and of itself does not result in non-discharge ability, their misrepresentations about licensed status do.

**II    SUMMARY OF PERTINENT FACT**

The facts pertinent to this adversary proceeding, as alleged in the State Court complaint, are as follows:

In or around June, 2019, Plaintiffs were induced to enter into a contract with Defendants for the design, construction and renovation of the Blumenthal Property including without limitation flooring, drywall, interior and exterior paint, electrical, HV AC, doors, windows, cabinets, plumbing, remodeling of bathrooms, remodeling of kitchen, concrete, patio, block wall, built in barbecue and entertainment area, garage door replacement, and landscape and design ("Contract"). The Contract was oral but is evidenced by invoices and other writings. At the time, Defendants represented to Plaintiffs that Defendants Edward, Young & Associates Construction and Young & Associates Construction Services were properly licensed general building contractors in the State of California with substantial experience in the design and construction of real property improvements similar to those required by the Contract ("Representations").

Defendants failed to properly complete the work required by the Contract. The work under the Contract was defective and inadequate in numerous ways, including the failure to obtain necessary building permits, the failure of the work to conform to industry standards of workmanship, the failure to provide information requested by Plaintiffs as to the identity and qualifications of persons performing work at the Blumenthal Property, and the failure to provide lien releases and other work related documentation to Plaintiffs. As of January, 2020, Plaintiffs had paid, directly and indirectly, more than $397,000 to Defendants for the defective work. Plaintiffs are informed and believe and thereon allege that the amounts paid to Defendants, plus the cost of remediating the defective work, plus the lost use and enjoyment of the Property, will exceed $1,000,000.

The Representations were false and Defendants knew them to be false at the time they were made. The true facts were that Defendants were not and had never been properly licensed general

building contractors, and Defendants were not experienced or well qualified to perform the Contract work.

At the time Defendants made the Representations alleged herein, Plaintiffs were not aware of the falsity of the Representations and believed the Representations to be true. Plaintiffs' reliance on the Defendants' promises and guarantees was reasonable because Defendants represented themselves to be trustworthy licensed contractors.

As a result of the false Representations made by Defendants, Plaintiffs were induced to and did enter into the Contract and pay Defendants substantial sums of money in furtherance of the Contract. Had Plaintiffs known the true facts, they would not have taken such actions. In fact, Plaintiffs paid Defendants $397,000 for the construction work.

Such alleged facts are supported by the stipulation of the parties to the following facts in they the Pre-Trial Stipulation:

1. Defendant EDWARD YOUNG ("EDWARD" was an individual doing business as Young & Associates Construction and Young & Associates Construction Services in the County of San Bernardino, State of California in 2019 and 2020.

2. Defendant LISETTE YOUNG, fka, Lisette Lanuza ("LISETTE" was an individual doing business as Young & Associates Construction, Young & Associates Construction Services, and Lisette Young Interior Design in the County of San Bernardino, State of California in 2019 and 2020.

3. In June, 2019, Joshua Blumenthal and Monica Blumenthal (collectively as "PLAINTIFFS") entered into an oral contract with EDWARD and LISETTE for the design, construction and renovation of the residence located at 14201 Ross Court, Rancho Cucamonga, California ("Blumenthal Property") including flooring, drywall, interior and exterior paint, electrical, HV AC, doors, windows, cabinets, plumbing, remodeling of bathrooms, remodeling of kitchen, concrete, patio, block wall, built in barbecue and entertainment area, garage door replacement, and landscape and design ("Contract").

4. At the time of the formation of the Contract and during the duration of the work called for under the Contract neither EDWARD nor LISETTE were licensed contractors.

PLAINTIFFS' TRIAL BRIEF    3

## III. APPLICABLE LAW AND ARGUMENT

### A. An Obligation Obtained by False Pretenses, False Representation, or Actual Fraud is Non-Dischargeable

Section 523(a)(2)(A) of the Bankruptcy Code prohibits the discharge of any enforceable obligation for money, property, services, or credit, to the extent that the money, property, services, or credit were obtained by fraud, false pretenses, or false representations. 11 U.S.C. § 523(a)(2)(A); (*Cohen v. De La Cruz* (1998) 523 U.S. 213, 218.) Defendants' false representations concerning their contractor license status constitutes "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" and the resulting debt owed to Plaintiffs is therefore non-dischargeable. (11 U.S.C. §523(a)(2)(A).)

To establish a claim of non-discharge ability under § 523(a)(2)(A) the creditor must demonstrate five elements: (1) the debtor made . . . representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; [and] (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made. (*Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996) (quoting *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir. 1991).

### B. The Defendants' Conduct Constitutes Willful and Malicious Injury to Defendants and Their Property and the Obligation to Plaintiffs is Therefore Non-Dischargeable

Defendants' conduct constitutes "willful and malicious injury by the debtor to another or the property of another and the resulting debt owed to Plaintiffs is non-dischargeable. (11 U.S.C. §523(a)(6).)

### C. Defendants Misrepresented They Were Licensed Building Contractors and That Misrepresentation Was Material

The Defendants represented they were licensed building contractors in the State of California when in fact they were not. The materiality of that misrepresentation is beyond question. Indeed, the importance of being a licensed contractor is deemed highly material under California law. The

existence of a valid contractor's license is so significant that California imposes harsh penalties including disgorgement of any and all monies paid with no allowance for "reasonable value of services" and the statute is designed to be a harsh penalty to dissuade the disreputable.

In *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Company, Inc.* (2005) 36 Cal. 4th 412 , a unanimous Supreme Court denied a subcontractor's claim seeking recovery for work performed while it was unlicensed based on the court's interpretation of California's Contractor's State License Law, Cal. Bus. & Prof. Code §7000, et seq.:

> "To protect the public, the Contractors' State License Law (CSLL; Bus. & Prof.Code, § 7000 et seq.)[1] imposes strict and harsh penalties for a contractor's failure to maintain proper licensure. Among other things, the CSLL states a general rule that, regardless of the merits of the claim, a contractor may not maintain any action, legal or equitable, to recover compensation for 'the performance of any act or contract' unless he or she was duly licensed '*at all times during the performance of that act or contract.*'"

(*MW Erectors*, *supra*, 36 Cal. 4th 412, 418 [italics in the original].)

> "'Because of the strength and clarity of this policy', the bar of section 7031(a) applies '[r]egardless of the equities.' Indeed, it has long been settled that 'the courts may not resort to equitable considerations in defiance of section 7031.' Section 7031 represents a legislative determination that the importance of deterring unlicensed persons from engaging in the contracting business outweighs any harshness between the parties, and that such deterrence can best be realized by denying violators the right to maintain any action for compensation in the courts of this state."

(*MW Erectors*, *supra*, 36 Cal. 4th 423 [ internal citations omitted].)

While the strict application of the disgorgement does not equate automatically to a non-dischargeable debt, the significance of a misrepresentation of licensure cannot be dismissed as trivial. Actual damages as a result of fraudulent inducement would still be non-dischargeable since they would be a debt for money obtained by fraud within the meaning of § 523(a)(2)(A).

Additionally, California law provides for a $500 penalty and an award of reasonable attorney's fees where a person is induced to enter into a home improvement contract by the fraudulent representation. Specifically Business & Professions Code §7160 provides:

> "Any person who is induced to contract for a work of improvement, including but not limited to a home improvement, in reliance on false or fraudulent representations or false statements knowingly made, may sue and recover from such contractor or solicitor a penalty of five hundred dollars ($500), plus reasonable attorney's fees, in addition to any damages sustained by him by reason of such statements or

PLAINTIFFS' TRIAL BRIEF         5

representations made by the contractor or solicitor."

( Business & Professions Code §7160)

Thus, California Business & Professions Code § 7160 provides a cause of action to individuals induced to contract for home improvements in reliance on fraudulent statements. A successful plaintiff may recover a penalty of $ 500 and reasonable attorney's fees, plus "any damages sustained by him by reason of such statements or representations made by the contractor or solicitor. The $500 penalty under §7160 and any related award of attorneys fees and damages are not a dischargeable debt (*Ghomeshi v. Sabban (In re Sabban)*) (9th Cir. 2010) 600 F.3d 1219, 1221.)

## IV. CONCLUSION

Plaintiffs will prove : (1) the debtors made representations; that they knew were false; (3) that the debtors made them with the intention and purpose of deceiving the plaintiffs; (4) that the Plaintiffs relied on such representations; [and] (5) that the Plaintiffs sustained damage as the proximate result of the misrepresentations.

Dated: March 6, 2023            KLINKERT, GUTIERREZ & NEAVEL

```
                            /s/ Paul J. Gutierrez
                    By:_____
                        Paul J. Gutierrez
                        James E. Klinkert
                        Attorneys for Plaintiffs
                        Joshua Blumenthal and Monica Blumenthal
```

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1407 N. Batavia Street, Suite 202, Orange, CA, 92867

A true and correct copy of the foregoing document entitled (*specify*): _____
PLAINTIFFS' TRIAL BRIEF
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/08/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Glen J Biondi glen@biondilawcorp.com, biondigr80135@notify.bestcase.com;
Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com;
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov;    Benjamin Heston bheston.ecf@gmail.com, HestonBR41032@notify.bestcase.com, NexusBankruptcy@jubileebk.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/08/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott H. Yun
U.S. Bankruptcy Court
3420 Twelfth Street, Suite 345
Riverside, CA 92501 (Personal Delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/08/2023 | Paul J. Gutierrez | /s/ Paul J. Gutierrez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**